IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CRAYTONIA BADGER                                                                    PLAINTIFF

v.                                    Civil No. 1:18-cv-01064

KELLY BLAIR, Investigator; DOUG WOOD,
Chief Deputy; TRAVIS BRACKETT, Jail
Supervisor; MRS. COLLIER; and
MIKE LOE, Sheriff, Columbia County                                                  DEFENDANTS

## ORDER

Before the Court is Plaintiff's failure to comply with Court orders. Plaintiff Craytonia Badger filed this civil rights action pursuant to 42 U.S.C. § 1983 action on October 22, 2018. (ECF No. 1). Plaintiff proceeds *pro se* and *in forma pauperis*.

On August 30, 2019, Defendants filed a Motion for Summary Judgment. (ECF No. 16). That same day, the Court entered an order directing Plaintiff to file a response to Defendants' motion by September 20, 2019. (ECF No. 19). This order informed Plaintiff that failure to timely comply with the order would result in this case being dismissed. To date, Plaintiff has not complied with this Court's order to file a response to the motion, and the order has not been returned as undeliverable.

On September 25, 2019, the Court entered an order directing Plaintiff to show cause by October 7, 2019, as to why he failed to respond to Defendants' summary judgment motion. (ECF No. 20). To date, Plaintiff has not responded as directed and the order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two Court orders. Neither of these orders have been returned to the Court as undeliverable. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 17th day of October 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge